The decision below is signed as a decision of the court.

Signed: June 16, 2005.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                )
                                     )
BURNETTA ARLENE COLES,               )    Case No. 05-00124
                                     )    (Chapter 7)
              Debtor.                )

### DECISION RE MOTION FOR RELIEF FROM AUTOMATIC STAY

The District of Columbia Housing Authority has filed a motion for relief from the automatic stay to evict the debtor from a residence leased pursuant to a public housing lease with the Authority.

The lease has been breached by reason of a monetary default, and that furnishes a basis for obtaining possession of the premises, in exercise of the Authority's *in rem* rights under the lease. In re Miller, 103 B.R. 353 (Bankr. D.D.C. 1989). The discharge injunction of 11 U.S.C. § 524(a) does not bar enforcement of *in rem* obligations, as opposed to personal obligations.

Nor does 11 U.S.C. § 525(a) bar enforcement of those *in rem* rights, even if the lease is a "grant" within the meaning

of that provision.  See In re Bacon, 212 B.R. 66, 75-76 (Bankr. E.D. Pa. 1997).  Accord, In re Valentin, 309 B.R. 715, 723-24 (Bankr. E.D. Pa. 2004); In re Hobbs, 221 B.R. 892, 896 (Bankr. M.D. Fla. 1997).  The court declines to follow Stoltz v. Brattleboro Housing Auth. (In re Stoltz), 315 F.3d 80, 86 (2d Cir. 2002), in which the court, with one member of the three-judge panel dissenting, reached a contrary conclusion.

An order follows granting relief from the automatic stay.

[Signed and dated above.]

Copies to: Debtor; Melinda M. Bolling.

O:\JUDGRFIL\CODESEC\525(a)\Coles (Burnetta) 525(a) Does Not Bar Enfct of In Rem Rights re Public Housing Lease in Default v2.wpd

2